UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK,<br><br>      Plaintiff,<br><br>      v.<br><br>SALEH HUSSEIN,<br><br>      Defendant. | **MEMORANDUM & ORDER**<br>23-CV-001315 (HG) (JRC) |

**HECTOR GONZALEZ**, United States District Judge:

  Defendant Saleh Hussein, appearing *pro se*, filed a notice of removal seeking to remove to this Court his pending criminal action in the Criminal Court of the City of New York, Richmond County, docket number CR-000074-23RI, involving misdemeanor charges of menacing in the second degree, menacing in the third degree, and harassment in the second degree. ECF No. 1 at 1, 10. Defendant also submitted several applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF Nos. 3, 5, 6. For the reasons discussed below, the Court denies Defendant's applications to proceed *in forma pauperis* and remands this case to state court pursuant to 28 U.S.C. § 1455(b)(4).

  The Court denies Defendant's request to proceed *in forma pauperis*. Although Defendant's application states that he has received no income during the past twelve months, the remainder of the application demonstrates that Defendant did not complete the application in good faith. *See* ECF No. 5 at 1. Defendant asserts that the reason he has no income is that Congress enacted laws that "took away all of the lawful money in circulation." *Id.* He further states that he has no assets other than his birth certificate because Congress enacted laws that prohibit private citizens from demanding payment in gold and that he cannot disclose any of his

debts because "they are private." *Id.* at 2.  Courts in this District have exercised their discretion to deny *in forma pauperis* status to parties, like Defendant, who have refused to provide all of the information required by the District's application form if the remaining information is insufficient to determine whether the applicant is truly indigent.  *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *3 (E.D.N.Y. June 2, 2021) (denying *in forma pauperis* status when plaintiff's application omitted the balance of her checking account); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-cv-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021) (denying *in forma pauperis* status when plaintiff's application omitted information "regarding monthly expenses, debts, or other financial obligations").[1]

The Court is required "promptly" to examine a notice of removal in a criminal case and to "make an order for summary remand" "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."  28 U.S.C. § 1455(b)(4).  The requirement to remand a criminal case removed pursuant to a facially defective notice of removal is mandatory.  *New York v. Best*, No. 23-cv-26, 2023 WL 198736, at *1 (E.D.N.Y. Jan. 17, 2023) (explaining that "the district court must summarily remand the action to state court"); *New York v. Deem*, No. 22-cv-1250, 2022 WL 522441, at *1 (S.D.N.Y. Feb. 22, 2022) (using same mandatory language in remanding criminal case to state court).

"State court criminal prosecutions may be removed to federal court in two very limited instances:  (1) where the prosecution is directed against a federal officer or member of the armed forces for actions taken under the color of office, *see* 28 U.S.C. §§ 1442(a), 1442a, or (2) where the defendant shows that he has been 'denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States.'"  *Best*, 2023

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

WL 198736, at *1 (quoting 28 U.S.C. § 1443(1)); *see also Deem*, 2022 WL 522441, at *1 (describing the same limited criteria for removing criminal cases). The Supreme Court has held that 28 U.S.C. § 1443, which permits removal based on the denial of a party's civil rights, "applies only to removals based on claims of racial discrimination." *Suffolk Cty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) and *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). To remove a criminal case pursuant to that provision, a defendant must demonstrate in his notice of removal that both of the following criteria are satisfied: (1) "that the right allegedly denied the removal petitioner in state court arises under a federal law providing for specific civil rights stated in terms of racial equality," and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Best*, 2023 WL 198736, at *1; *see also New York v. Dickerson*, No. 20-cr-208, 2020 WL 3263771, at *2 (E.D.N.Y. June 16, 2020) (describing same standard).

Defendant's notice of removal states that the criminal prosecutors working on his case, along with his own attorney representing him in that case, "have perpetuated fraud on the court" that has "denied [him] due process." ECF No. 1 at 2. Neither Defendant's notice of removal nor any of its attachments articulate any allegation of racial discrimination, and they do not indicate that Defendant is either a federal officer or a member of the armed forces being sued for actions taken in his official capacity. Although Defendant's papers contain numerous assertions that he is a sovereign citizen and part of "the Royal House of Hussein," *see, e.g.*, *id.* at 6, a "claim of sovereign citizenship is not a right that arises under a federal law providing for specific civil rights stated in terms of racial equality." *Dickerson*, 2020 WL 3263771, at *2 (remanding *sua sponte* criminal case removed by *pro se* defendant). Even if Defendant could articulate a theory

3

of racial discrimination, the Court would still be required to remand this case because Defendant's notice of removal "wholly fails to allege that he would be precluded from enforcing his rights in state court." *In re Fischer*, No. 19-cv-3793, 2019 WL 3281127, at *2 (E.D.N.Y. July 18, 2019) (remanding criminal case *sua sponte* even though *pro se* defendant had paid the District's filing fee).

Defendant's notice of removal includes two case captions, one of which suggests that Defendant wants to assert, as a "3rd Party Plaintiff," civil claims against the State of New York, the City of New York, and the New York City Police Department. ECF No. 1 at 1. In attachments to his notice of removal, Defendant explains that he was detained by state or municipal authorities for approximately six hours and that the period of detention amounted to a "false arrest," "unlawful imprisonment," and the "embezzlement" of his property rights. *Id.* at 5. Some of Defendant's attachments suggest that he wants to assert civil claims against the state court judge who presided over an appearance following that detention and the supervising judge of the Richmond County Criminal Court. *Id.* at 174–78. However, Defendant cannot assert civil claims by removing a criminal case, and Defendant's attempt to assert civil claims do not prevent the Court from remanding the case. *See Yashar'al v. Hopper*, 849 F. App'x 591, 592 (7th Cir. 2021) (affirming remand of criminal case, in which criminal defendant "named as appellees parties against whom he seeks civil counterclaims," because defendant "identifie[d] no authority permitting civil counterclaims against third parties in a criminal prosecution").

## **CONCLUSION**

For the reasons set forth above, the Court denies Defendant's multiple applications to proceed *in forma pauperis*, *see* ECF Nos. 3, 5, 6, and remands this case to the Criminal Court of the City of New York, Richmond County, pursuant to 28 U.S.C. § 1455(b)(4). The Clerk of

4

Court is respectfully directed to close this case and to mail a copy of this order to both the *pro se* Defendant and the clerk's office of the Criminal Court of the City of New York, Richmond County. The Court's staff will include with that mailing copies of the unpublished decisions cited in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Defendant *in forma pauperis* status for purposes of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    SO ORDERED.

                                             /s/ Hector Gonzalez
                                            HECTOR GONZALEZ
                                            United States District Judge

Dated: Brooklyn, New York
        April 18, 2023